### KRIEGER v. KAYE et al.

(City Court of New York, General Term. November 21, 1899.)

1. MASTER AND SERVANT—CONTRACT FOR YEARLY HIRING—EVIDENCE.

Where, in an action for breach of a yearly contract of employment, it appeared that plaintiff had been employed by defendants on a weekly hiring, evidence that he was offered a yearly contract at an increased salary by another concern, and that defendants represented to him the irresponsibility of the firm asking his services, and that plaintiff agreed to waive the difference in salary if he could have a position from which he could not be suddenly discharged, was admissible to show that, in retaining plaintiff in their employ, defendants acquiesced in his demand for a yearly contract.

2. APPEAL AND ERROR—JUDGMENT.

Where the charge to the jury was fair, and no exception taken thereto by defendants, nor any request to charge made in their behalf, and the

case went to the jury on a sharp conflict of evidence, a judgment against defendants will be affirmed.

Appeal from trial term.

Action by Henry Krieger against Charles Kaye and another. From a judgment entered upon a verdict for plaintiff, and an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before FITZSIMONS, C. J., and McCARTHY and CON-LAN, JJ.

Hays, Greenbaum & Hershfield, for appellants.
Alfred & Charles Steckler, for respondent.

CONLAN, J. Appeal from a judgment entered upon a verdict, and from an order denying a motion for a new trial. The action was brought for an alleged breach of a contract of employment; plaintiff alleging in the complaint that the defendants employed the plaintiff as a foreman for a period of one year from March 8, 1897, and wrongfully discharged him on June 19, 1897. The answer was a general denial. There is in this case, as shown by the record before us, a sharp conflict of evidence upon the vital question upon which the cause of action hinges. The plaintiff is corroborated in his assertion of what the contract was, and all of the surrounding circumstances tend to show that there was a reason for the alleged yearly hiring. It was clearly proven that he had been offered a yearly contract at $30 per week, when he was only employed by the defendants on a weekly hiring of $25. His services were admitted to be valuable, and it would be but reasonable to suppose that the defendants desired to secure them for themselves. He was on the eve of leaving their employ, and therefore, in order to satisfy his demands, is it unreasonable to suppose the concession was made? The plaintiff says he was willing to waive the additional $5 per week in order to secure a permanent position with the defendants,—a position from which he could not be suddenly discharged without reason, —and they had represented to him the uncertainties of the business venture of the firm who had sought his services at the advanced rate. We do not think that it was incompetent, and certainly not immaterial, for the plaintiff to be permitted to prove the terms of the contract at $30 per week, in view of the position taken by the defendants upon the trial.

The charge to the jury was eminently fair to the defendants, and this is really conceded by them, because no exception was taken thereto, nor was any request made in their behalf for any charge therein. So that we have a case submitted to a jury upon the sharp conflict of evidence, with no exception taken thereto; and, sitting here in review of what took place at the trial, and with the record before us, which has received careful consideration, we are unable to say that any error was committed upon the trial which is prejudicial to the defendant.

The judgment and order appealed from must therefore be affirmed, with costs. All concur.